﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200805-102895
DATE: December 31, 2020

ORDER

Entitlement to an initial disability rating of 30 percent for persistent depressive disorder (rated as posttraumatic stress disorder (PTSD) with persistent depressive disorder) from March 17, 2016 to June 11, 2020 is granted.

FINDING OF FACT

From March 17, 2016 to June 11, 2020, the severity, frequency, and duration of the Veteran’s symptoms more closely approximate occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal). 

CONCLUSION OF LAW

The criteria for an initial disability rating of 30 percent for PTSD with persistent depressive disorder for the appeal period from March 17, 2016 to June 11, 2020 have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.126, 4.130, Diagnostic Code (DC) 9499-9410.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1966 to August 1969. 

The rating decision on appeal was issued in June 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the August 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the August 5, 2020 VA Form 10182. 38 C.F.R. § 20.303.

Entitlement to an initial disability rating of 30 percent for PTSD with persistent depressive disorder from March 17, 2016 to June 11, 2020 is granted.

The June 2020 rating decision granted entitlement to service connection for depression and assigned initial ratings of 10 percent prior to June 12, 2020, and 30 percent thereafter. Depression was rated with the already-service-connected PTSD. The only benefits granted in this rating decision that can be appealed, therefore, are: the initial ratings assigned for depression and the effective date of the grant of service connection for depression. In the August 2020 VA Form 10182, the Veteran identified the issue on appeal as “earlier effective date of 30 percent disability rating for PTSD with persistent depressive disorder.”

While the Veteran used the language of an earlier effective date claim, it is clear to the Board that the Veteran was expressing that he wants the 30 percent rating to start earlier. The Board has interpreted the Veteran’s claim liberally to adjudicate this question within the parameters of its jurisdiction and will proceed to adjudicate the Veteran’s appeal as a higher initial rating for his service-connected depression prior to June 12, 2020 (the effective date of the 30 percent rating).

A disability rating is determined by the application of VA’s Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual conditions in civil occupations. Separate DCs identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. VA has a duty to acknowledge and consider all regulations that are potentially applicable through the assertions and issues raised in the record, and to explain the reasons and bases for its conclusions. Schafrath v. Derwinski, 1 Vet. App. 589 (1991).

Where there is a question as to which two evaluations should be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Staged ratings are, however, appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings.

In this case, the Veteran’s PTSD with persistent depressive disorder is rated under the General Formula for Mental Disorders (General Formula). Pursuant to the General Formula, the Board must conduct a “holistic analysis” that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-118 (Fed. Cir. 2013). 

A 10 percent rating is assigned for occupational and social impairment due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress, or symptoms controlled by continuous medication.

A 30 percent rating is assigned when symptoms such as depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, or mild memory loss (such as forgetting names, directions, or recent events), cause occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and normal conversation).

A 50 percent rating is assigned when symptoms such as flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; or difficulty in establishing and maintaining effective work and social relationships cause occupational and social impairment with reduced reliability and productivity.

The issue in this appeal is whether the Veteran’s associated symptoms caused the level of impairment required for a disability rating higher than 10 percent from March 17, 2016 to June 11, 2020. The Board concludes that the Veteran’s symptoms more closely approximated the symptoms associated with a 30 percent rating and resulted in a level of impairment that most closely approximated a 30 percent rating for the period prior to June 12, 2020.

The Veteran reported that he was hospitalized in April 2014. See August 2020 Correspondence. However, this is more than a year before the appeal period and so is not for consideration. VA treatment records reflect that the Veteran has not been hospitalized or reported suicidal ideation during the appeal period that started in March 2016.

The April 2016 VA examination and the Veteran’s lay statements show that the Veteran’s condition was manifested by symptoms such as depressed mood and anxiety, which are associated with a 30 percent rating. During the April 2016 examination, the examiner concluded that the Veteran’s condition is manifested by occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks. The Veteran worked as a pastor and a snowboard instructor. The examiner’s conclusion is consistent with the Veteran’s report of sometimes experiencing “intrusive symptoms when dealing with bereavement or funerals” as a pastor. The Veteran testified that he is triggered during funerals, and he explained that he was “angry, frustrated, and depressed.” See March 2019 hearing transcript at 9. In fact, he reported switching jobs frequently. Id. However, the Veteran also endorsed being “very good at assisting people with bereavement” during the April 2016 VA examination. In general, VA treatment records from May 2016 show that the Veteran’s symptoms are “intermittent and irregular.”

The Veteran reported having difficulty with relationships because of his mood in a November 2019 VA treatment record. During the April 2016 VA examination, the Veteran reported recurrent irritability without knowing the reasons why he is angry. Similarly, VA treatment records reflect that the Veteran has recurrent irritability and persistent depression. For instances, the Veteran reported “not feeling in good spirit most of the time” during a session in March 2016, and during a November 2017 counseling session, the examiner observed that the Veteran was initially irritable. The Veteran is divorced, but during his therapy sessions and the April 2016 VA examination, he does not appear to attribute his marital problems to his psychiatric disorder. However, the Veteran testified that his anger and frustration impacted his family and marriage. See March 2019 hearing transcript at 9. Notably, the Veteran had good relationship with his son and treatment records reflect that he was the caretaker for his son.

Furthermore, the Veteran testified that he has chronic sleep impairment, anxiety, suspiciousness, and panic attacks, which are all symptoms fully contemplated by a 30 percent disability rating. See March 2019 hearing transcript at 8. VA treatment records from April 2016 showed some reduction in short term memory, and the Veteran also testified that he has memory problems. Id. Notably, the April 2016 VA examination found that the Veteran’s memory was intact, and the record also has VA treatment records from the appeal period that do not show any problems with the Veteran’s memory. See e.g. March 2018 Mental Health Counseling Note. Therefore, the Board concludes that any issues the Veteran has with his memory is no more than mild memory loss contemplated under the 30 percent rating criteria.

In general, a review of the available VA medical records pertaining to the period on appeal reflect that the Veteran’s symptoms are fully contemplated by the rating criteria for 30 percent, and the level of his impairment more closely approximates the level associated with a 30 percent rating. The Veteran experienced occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, but was generally functioning satisfactorily, with routine behavior, self-care, and normal conversation.

The Board concludes that the severity of the Veteran’s symptoms does not rise to the level of social and occupational impairment with reduced reliability and productivity to warrant a 50 percent rating. While the Veteran’s disability causes some impairment with work to the extent he reported being triggered by funerals while working as a pastor and being irritable, he was not prevented from completing these occupational tasks; on the contrary, he reported being good at helping people during bereavement. The evidence does not show symptoms on par with the kind of speech impairment, weekly panic attacks, long-term memory impairment, and difficulty with relationships that are contemplated by a 50 percent rating. The Veteran himself has not asserted that a 50 percent rating is warranted; rather, he asks for the 30 percent rating that is being granted herein.

The preponderance of the evidence of record weighs in favor of assigning a 30 percent rating, but not higher, to the Veteran’s PTSD with persistent depressive disorder, from March 17, 2016 to June 11, 2020.

 

LAURA E. COLLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Solomon

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.